

**John C. Clune**
clune@hbcboulder.com
**Lauren E. Groth**
groth@hbcboulder.com
**Lucy Walker**
walker@hbcboulder.com

April 17, 2020

VIA E-FILING
The Honorable R. Brooke Jackson
U.S. District Court for the District of Colorado

Re: *Jane Doe v. Roaring Fork School District and Patrick Engle*, Case No. 20-cv-184-RBJ

Dear Judge Jackson,

Plaintiff Jane Doe submits this letter in response to the letter Defendants Roaring Fork School District ("RFSD") and Patrick Engle ("Mr. Engle") filed on April 6, 2020.

Plaintiff's Complaint asserts (1) a Title IX claim against RFSD based on its actual knowledge of, and deliberate indifference to, the severe, pervasive and objectively offensive, gender-based harassment that Plaintiff experienced at Glenwood Springs High School ("GSHS") and (2) a Section 1983 claim against Mr. Engle arising from his own deliberate indifference to known sexual harassment. Defendants challenge Plaintiff's claims on the basis that (1) her Title IX claim fails to allege actionable gender-based harassment and (2) the rights alleged to have been violated in the Section 1983 claim were not clearly established at the time. These arguments ignore extensive case law in the Tenth Circuit and many of the factual allegations in Plaintiff's Complaint.

### I. Plaintiff Has Alleged Actionable Harassment in Her Title IX Claim

Defendants' argument to dismiss Plaintiff's Title IX claim for failing to allege actionable harassment should be rejected. Plaintiff alleges that, as a result of RFSD's failure to take action in response to notice of Mr. Smith's rape of Plaintiff, she was subjected to ongoing, on campus, gender-based harassment at GSHS because (1) she lived in fear of encountering Mr. Smith at school as well as experiencing further sexual harassment from him, and (2) she was subjected to additional harassment and intimidation by Mr. Smith and his friends as a result of the rape. Defendants contend that Plaintiff's allegations 1) do not allege enough harassment and 2) do not sufficiently plead that the harassment is gender-based.

Defendants first contend that Plaintiff's allegations of harassment resulting from her having to attend school with her assailant are not sufficient under Title IX. This is incorrect. Contrary to Defendants' representations, Mr. Smith's continued presence on campus and Plaintiff's vulnerability to further harassment by him is by itself actionable in the Tenth Circuit. *See Farmer v. Kansas State Univ.,* 918 F. 3d 1094, 1103 (10th Cir. 2019) (holding that plaintiffs' allegations that the school's deliberate indifference to the continued presence of their student-rapists made them vulnerable to further harassment are actionable under Title IX). Defendants suggest that this

The Honorable R. Brooke Jackson
April 17, 2020
Page 2

Court abandon the Tenth Circuit caselaw and instead rely on an opposing holding from another circuit. *See Kollaritsch v. Michigan State Univ. Bd. Of Trustees,* 944 F.3d 613 (6th Cir. 2019.) Aside from offering no rationale for why a court in the Tenth Circuit should not follow Tenth Circuit caselaw, Defendants also fail to note that the District of Colorado has recently rejected this same argument. *Doe v. Brighton Sch. Dist. 27J,* 2020 WL 1018232 at *6-7 (D. Colo. Mar. 3, 2020) (following the precedent of *Farmer* and holding that plaintiff's allegations of harassment resulting from rapist's continued presence at school were actionable).

Alternatively, Defendants argue that even if Plaintiff's vulnerability to further harassment as a result of Mr. Smith's ongoing presence were actionable under Title IX, it is not gender-based harassment, as required for actions under Title IX. Title IX by its terms provides a remedy for discrimination or harassment "on the basis of sex." 20 U.S.C. § 1681(a). Here, there can be no doubt that Mr. Smith's ongoing presence at GSHS was harassing to Plaintiff *because he raped her*, an act of violence that is unquestionably gender-based. Plaintiff has explicitly alleged as much in her Complaint. *See* First Am. Compl. at ¶10 (alleging that Plaintiff explained she was "having difficulty dealing with [Mr. Smith's] presence at school, and with the physical and verbal harassment she was experiencing from his friends *because she was a woman who had been sexually assaulted.*"); *see also C.S. v. Southern Columbia Sch. Dist.,* 2013 WL 2371413 at *9 (M.D.Pa. May 21, 2013) (holding that at the motion to dismiss stage, allegations that a victim had to endure encounters with her assailant could be considered gender-based harassment given the underlying context of the sexual assault). Defendants offer no legal support for the implausible suggestion that Plaintiff's fear of her rapist does not relate to the rape itself.

Finally, Defendants argue that the ongoing verbal and physical harassment perpetuated by Mr. Smith, as well as by his friends, is not gender-based harassment. Under Title IX, a defendant is liable if the plaintiff's sex was a motivating factor for student-on-student harassment, even if other factors also motivated the harassment. *See Doe v. Columbia Univ.,* 831 F.3d 46, 53 (2d Cir. 2016). Here again it is clear that Plaintiff was subjected to harassment because she was a victim of rape, which is discrimination motivated by Plaintiff's sex. This harassment included enduring sexual jokes by Mr. Smith involving a sex toy to make light of her rape, cyberbullying regarding the rape, gender-based name calling such as "crazy bitch" and "pornstar," as well as verbal taunts perpetuating gender stereotypes about women that Plaintiff was a liar who was just attempting to create drama or gain attention for herself. *Id.* at ¶24, 35-38, 57. While name-calling alone may not itself permit an inference of gender-based discrimination, when it occurs in the context of a rape, "name-calling and other altercations can rise to the level of sexual harassment." *Cavalier v. Catholic Univ. of Am.,* 306 F. Supp. 3d 9, 33-34 (D.D.C. 2018); *Doe v. East Haven Bd. of Educ.,* 200 Fed. Appx. 46, 48 (2d Cir. 2016); *see also Doe v. Pennridge Sch. Dist.,* 413 F.Supp.3d 393, 403 (E.D.Pa 2019) (holding complaints of harassment by former boyfriend and gender-based insults like "bitch" and "whore" could be viewed by a jury as sexual harassment). Even facially neutral abusive conduct, such as the death threats Plaintiff experienced, can support a finding of gender-based animus when viewed in the context of other gender-discriminatory conduct. *Doe v. Hutchinson,* 728 Fed. Appx. 829, 832 (10th Cir. 2018).

The Honorable R. Brooke Jackson
April 17, 2020
Page 3

## II.   Plaintiff Has Alleged A Section 1983 Equal Protection Claim Against Mr. Engle.

Defendants' efforts to dismiss Plaintiff's Section 1983 claim should be rejected because they misconstrue the qualified immunity inquiry in the Tenth Circuit.

Under Section 1983, state officials may be entitled to qualified immunity unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd,* 563 U.S. 731, 735 (2011). In order for law to be clearly established, "there must be a Supreme Court or other Tenth Circuit decision on point, or the clearly established weight of authority from other circuits must have found the law to be as the plaintiff maintains." *Medina v. City and County of Denver,* 960 F.3d 1493, 1498 (10th Cir. 1992).

Here, Plaintiff alleges that she was deprived of her constitutional right to equal protection, guaranteed by the Fourteenth Amendment, as a result of Principal Engle's deliberated indifference to known sexual harassment. The Tenth Circuit has long recognized that in the Title IX context "a government official or supervisory employee may be held liable under section 1983 upon a showing of deliberate indifference to known harassment." *Murrell v. Sch. Dist. No. 1, Denver, Colo.,* 186 F.3d 1238, 1250 (10th Cir. 1999). In *Murrell*, where the Plaintiff alleged that a school employee failed to remedy known sexual harassment, the Tenth Circuit noted that it has been clearly established since 1989 that "sexual harassment . . . can violate the Fourteenth Amendment right to equal protection of the laws," and it has been clearly established since 1992 "that a person who exercises the state's supervisory authority may be held liable for consciously acquiescing in sexually harassing conduct by a non-state actor over whom the state actor has authority." *Id.* at 1251. Given these decisions, there can be no doubt that the right Plaintiff asserts is clearly established.

Defendants attempt to frame the qualified immunity inquiry well beyond the scope outlined in relevant case law by suggesting that they must be on notice not only of the right being clearly established, but also that the precise factual circumstances that Plaintiff has plead in her complaint must have been previously recognized by the courts as constituting a violation of constitutional rights. But this argument "carries the concept of 'clearly established' to an extreme," which the Tenth Circuit has declined to adopt. *Murrell,* 186 F.3d at 1251. As the Tenth Circuit has previously held, there is no requirement under Section 1983 that Plaintiff point to a case "presenting the exact fact situation at hand in order to give parties notice of what constitutes actionable conduct." *Id.* Here, as in *Murrell,* "the fact that [the Tenth Circuit] has said other supervisory municipal employees may be held liable under the Fourteenth Amendment for deliberate indifference to the discriminatory conduct of third parties was sufficient to make apparent the unlawfulness of such deliberate indifference by a school employee exercising supervisory authority over students." *Id.*

Sincerely,

*/s/ Lauren E. Groth*
Lauren E. Groth