**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-184-RBJ

**JANE DOE,**

Plaintiff,

v.

**ROARING FORK SCHOOL DISTRICT** and **PATRICK ENGLE,** in his individual capacity.

Defendants.

_____

**ANSWER TO FIRST AMENDED COMPLAINT AND JURY DEMAND**
_____

      Defendant Roaring Fork School District ("District") hereby submits its Answer to the

First Amended Complaint and Jury Demand (Docket No. 15, the "Complaint") filed by Plaintiff

Jane Doe, as follows:[1]

**PARTIES, JURISDICTION AND VENUE**

     1.     The District lacks knowledge or information sufficient to form a belief about the

truth of the allegations in Paragraph 1, and thus denies them.

     2.     The District admits the allegations in Paragraph 2.

     3.     The District admits the allegations in Paragraph 3.

     4.     The District admits the allegations in Paragraph 4.

---

[1] Plaintiff includes a footnote to her introductory paragraph related to the use of pseudonyms for Plaintiff and another student, and that Plaintiff will confer with Defendants regarding such use of these pseudonyms. To the extent a response is required, the District states that it will confer with Plaintiff regarding the use of these pseudonyms but denies any allegations in the footnote.

5.      The District admits the allegations in Paragraph 5.

## GENERAL ALLEGATIONS

6.      The District admits the allegations in Paragraph 6.

7.      The District lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7, and thus denies them.

8.      The District lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8, and thus denies them.

9.      The District admits that on or around September 28, 2017, a letter from the Ninth Judicial District Office of the District Attorney that was addressed to the Principal of Glenwood Springs High School ("GSHS") was received by GSHS that stated a juvenile petition was filed on John Smith for sexual assault.  Except as so stated, the District denies the remaining allegations in Paragraph 9.  The District affirmatively states that the letter did not identify the victim or that the victim was a District student.

10.     The District denies the allegations in Paragraph 10.

11.     The District denies the allegations in Paragraph 11.

12.     The District denies the allegations in Paragraph 12.

13.     As to Paragraph 13, the District admits that Ms. Doe transferred high schools in or around February 2018.  The District lacks knowledge or information sufficient to form a belief about the truth of the remaining allegation in Paragraph 13, and thus denies them.

14.     As to Paragraph 14, The District denies that Mr. Smith was expelled.  The District lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 14, and thus denies them.

15.     As to Paragraph 15, the District admits that Mr. Smith graduated at the end of the 2017-18 school year.  The District denies the remaining allegations in Paragraph 15.

16.     The District lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16, and thus denies them.

17.     The District lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17, and thus denies them.

18.     The District lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18, and thus denies them.

19.     The District lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19, and thus denies them.

20.     The District admits that former GSHS teacher Maya Burns was told by Ms. Doe about a sexual assault suffered by Ms. Doe and that Ms. Doe participated in a school trip to Germany.  The District lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 20, and thus denies them.

21.     As to Paragraph 21, the District admits that Ms. Doe and her mother met with Mrs. Kochevar at or around the beginning of the 2017-18 school year.  The District denies the remaining allegations in Paragraph 21.

22.     The District admits that on or around September 28, 2017, a letter from the Ninth Judicial District Office of the District Attorney that was addressed to the Principal of GSHS was received by GSHS that stated a juvenile petition was filed on Mr. Smith for sexual assault.  The District denies the remaining allegations in Paragraph 22.  *See supra* response to Paragraph 9.

23.     The District denies the allegations in Paragraph 23.

24.     The District lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24, and thus denies them.

25.     The District denies the allegations in Paragraph 25.

26.     The District denies the allegations in Paragraph 26.

27.     The District denies the allegations in Paragraph 27.

28.     The District denies the allegations in Paragraph 28.

29.     The District denies the allegations in Paragraph 29.

30.     The District denies the allegations in Paragraph 30.

31.     The District denies the allegations in Paragraph 31.

32.     The District denies the allegations in Paragraph 32.

33.     The District lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33, and thus denies them.

34.     The District denies that administrators knew of the assault referenced in Paragraph 34 during the timeframe implied and thus deny the suggestion that any safety measures or accommodations needed to be considered.  The District lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 34, and thus denies them.

35.     As to Paragraph 35, the District denies that Ms. Doe explained to Mr. Engle in the fall of 2017 that she was being ganged up on and did not feel safe at school.  The District lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 35, and thus denies them.

36.     The District lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36, and thus denies them.

37.     The District lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37, and thus denies them.

38.     The District lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38, and thus denies them.

39.     The District denies the allegations in Paragraph 39.

40.     As to Paragraph 40, the District denies that Ms. Doe's father called Mr. Engle regarding Mr. Smith.  The District lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 40, and thus denies them.

41.     The District denies the allegations in Paragraph 41.

42.     The District denies that Ms. Doe reported the incident described in Paragraph 42 to Mr. Engle and denies that Mr. Engle told her there was nothing that could be done because "it is not illegal to be an asshole."  The District lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 42, and thus denies them.

43.     The District lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43, and thus denies them.

44.     As to Paragraph 44, the District admits that Ms. Doe participated in a poetry slam at GSHS in February 2018 and shared a poem regarding sexual assault, but denies that Paul Freeman chastised Ms. Doe for disclosing so much information and told her that she "didn't have to say all that."  The District lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 44, and thus denies them.

45.     The District lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45, and thus denies them.

46.     As to Paragraph 46, the District admits that Bridges High School ("Bridges") is a smaller, alternative high school in the District.  The District lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 46, and thus denies them.

47.     As to Paragraph 47, the District admits that Mr. Engle and Ms. Doe's mother met on March 5, 2018 regarding Ms. Doe's attendance at GSHS and consequences for Mr. Smith, and that Mr. Engle discussed at this meeting that no protective measures had been taken as there had been no information provided to Mr. Engle up to that time to suggest such measures should be pursued.  Except as so admitted, the District lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 47, and thus denies them.

48.     The email referenced in Paragraph 48 speaks for itself and no response thereto is required.

49.     As to Paragraph 49, the District admits that Ms. Doe's mother reached out to District Superintendent Rob Stein in March 2018.  The District lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 49, and thus denies them.

50.     As to Paragraph 50, the District admits that Ms. Doe's parents met with Mr. Engle and Mr. Freeman on March 13, 2018 and discussed Mr. Smith, Ms. Doe, and a plan for the continued attendance of Ms. Doe at GSHS.  The Districts lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 50, and thus denies them.

51.     As to Paragraph 51, the District admits that Ms. Doe enrolled at Bridges.  The District lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 51, and thus denies them.

52.     The policies referenced in Paragraph 52 speak for themselves and no response thereto is required.

53.     The District denies the allegations in Paragraph 53.

54.     The District lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54, and thus denies them.

55.     The email referenced in Paragraph 55 speaks for itself and no response is required.  The District lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 55, and thus denies them.

56.     The District denies that the District School Board was involved in any disciplinary decisions regarding Mr. Smith.  The District lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 56, and thus denies them.

57.     The District lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57, and thus denies them.

58.     As to Paragraph 58, the District admits that a text regarding Ms. Doe was reported to Mr. Engle.  The District lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 58, and thus denies them.

59.     The District lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59, and thus denies them.

60.     As to Paragraph 60, the District admits that Mr. Smith graduated from GSHS at the end of the 2017-18 school year.  The District lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 60, and thus denies them.

61.     As to Paragraph 61, the District admits that Larry Nisbet was hired by the District to conduct an investigation into how the District addressed the situation involving Ms. Doe and Mr. Smith and that he conducted interviews and reviewed documents.  The report referenced in Paragraph 61 speaks for itself and no response thereto is required.  Except as so admitted and stated, the District lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 61, and thus denies them.

62.     The report referenced in Paragraph 62 speaks for itself and no response thereto is required.

63.     The conclusions of Mr. Nisbet contained in his report that are referenced in Paragraph 63 speak for themselves and no response thereto is required.

64.     The District denies the allegations in Paragraph 64.

65.     The District lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65, and thus denies them.

66.     As to Paragraph 66, the District denies that they had a "lack of response."  the District lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 66, and thus denies them.

67.     The District lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67, and thus denies them.

68.     As to Paragraph 68, the District admits that Ms. Doe attended Bridges.  The District lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 68, and thus denies them.

## FIRST CLAIM FOR RELIEF
### Violation of Title IX (20 U.S.C. § 1681(a))
**(Defendant RFSD)**

69.     In response to Paragraph 69, the District incorporates by reference each of its responses to the allegations in the Complaint.

70.     As to Paragraph 70, the District admits that on or around September 28, 2017, a letter from the Ninth Judicial District Office of the District Attorney that was addressed to the Principal of GSHS was received by GSHS stating that a juvenile petition was filed on Mr. Smith for sexual assault.  Except as so admitted, the District denies the allegations in Paragraph 70.  To the extent Paragraph 70 contains legal conclusions, no response is required, and to the extent a response is required, the District denies the allegations in Paragraph 70.

71.     The District denies the allegations in Paragraph 71.

72.     Paragraph 72 states a legal conclusion to which no response is required.  To the extent a response is required, the District denies the allegations in Paragraph 72.

73.     The District lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73, and thus denies them.

74.     The District lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74, and thus denies them.  To the extent Paragraph 74 contains legal conclusions, no response is required, and to the extent a response is required, the District denies the allegations in Paragraph 74.

75.     Paragraph 75 states a legal conclusion to which no response is required.  To the extent a response is required, the District denies the allegations in Paragraph 75.

76.     Paragraph 76 states a legal conclusion to which no response is required.  To the extent a response is required, the District denies the allegations in Paragraph 76.

## SECOND CLAIM FOR RELIEF
### Violation of 42 U.S.C. § 1983 – Equal Protection
**(Defendant Assistant Principal Engle)**

77.     Mr. Engle concurrently moves to dismiss Plaintiff's Second Claim for Relief for failure to state a claim as a matter of law.  Accordingly, no answer to the allegations in Paragraph 77 is required.

78.     Mr. Engle concurrently moves to dismiss Plaintiff's Second Claim for Relief for failure to state a claim as a matter of law.  Accordingly, no answer to the allegations in Paragraph 78 is required.

79.     Mr. Engle concurrently moves to dismiss Plaintiff's Second Claim for Relief for failure to state a claim as a matter of law.  Accordingly, no answer to the allegations in Paragraph 79 is required.

80.     Mr. Engle concurrently moves to dismiss Plaintiff's Second Claim for Relief for failure to state a claim as a matter of law.  Accordingly, no answer to the allegations in Paragraph 80 is required.

81.     Mr. Engle concurrently moves to dismiss Plaintiff's Second Claim for Relief for failure to state a claim as a matter of law.  Accordingly, no answer to the allegations in Paragraph 81 is required.

## GENERAL DENIAL

The District denies that Plaintiff is entitled to any relief including but not limited to the relief specified in Plaintiff's "Prayer for Relief."  The District reserves its right to claim its fees, costs, and other forms of relief.

Except as specifically admitted above, the District denies all allegations in the Complaint including the titles and subtitles which are apart from the numbered paragraphs.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's claims are barred in whole or in part because Plaintiff fails to state a claim upon which relief can be granted.

2.      Plaintiff's claims are barred in whole or in part because the District complied with all applicable laws, statutes, and regulations.

3.      Plaintiff's claims are barred in whole or in part because the alleged damages and losses, if any, were not proximately caused by the District.

4.      Plaintiff's claims are barred in whole or in part due to Plaintiff's failure to mitigate damages, if any.

5.      Plaintiff's claims are barred in whole or in part by the doctrine of qualified immunity.

6.      Plaintiff's claims are barred in whole or in part because the District is not subject to vicarious liability.

7.      The District specifically reserves all rights to assert additional defenses under the Federal Rules of Civil Procedure, and any other defenses at law or in equity that may exist now or that may become available in the future.

Date:  May 1, 2020

SEMPLE, FARRINGTON, EVERALL & CASE, P.C.

*s/ Daniel P. Spivey*
Michael Brent Case
Daniel P. Spivey
1120 Lincoln Street, Suite 1308
Denver, CO 80203
(303) 595-0941
bcase@semplelaw.com
dspivey@semplelaw.com
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of May, 2020, a correct copy of the foregoing was filed and served via CM/ECF to the following:

HUTCHINSON BLACK AND COOK, LLC
John Clune
Lauren Groth
Lucy K. Walker
921 Walnut Street, Suite 200
Boulder, CO 80302
(303) 442-6514
clune@hbcboulder.com
groth@hbcboulder.com
walker@hbcboulder.com
*Counsel for Plaintiff*

By:   *s/ Kathleen Schmidt*